# **Verified Complaint**

**UNITED STATES DISTRICT COURT**
**Southern District of New York (White Plains Division)**

**Javaid Aziz**, individually and as attorney-in-fact for **Jamila K. Butt**,
Plaintiffs,

Javaid Aziz, Pro se
131 Reed Street,
Cambridge, MA 02140
Phone: (617) 642-9058
Emai: javaid.aziz@gmail.com

v.

**Neelofar K. Butt**; **Neil H. Reig, Esq.**; **Brightview Senior Living, LLC**; **John Doe & Jane Doe** (future),
Defendants.

Civil Action No. _____

**Address List of Defendants:**

**1. Neelofar K. Butt**
319 Martling Avenue,
Tarrytown, NY 10591
Phone: (845) 424-4444 (Work)

**2. Neil H. Reig, Esq.**
118 North Bedford Rd., Ste 100
Mount Kisco, NY 10549-2555
Phone: (914) 242-4800
Email: neil.reig@elderlawadvisor.net

**3. Brightview Senior Living, LLC**
**Attention:** Paul Ataide
Brightview Tarrytown – Senior Living and Memory Care
581 Old White Plains Rd,
Tarrytown, NY 10591
Phone: (914) 368-6228
Email: PATAIDE@bvsl.net

**4. John Doe & Jane Doe**
(To be added)

1

**Verified Complaint**

**Plaintiffs Javaid Aziz and Jamila K. Butt**, by and through Javaid Aziz acting *pro se* and as attorney-in-fact/next friend for his elder sister Jamila, hereby file this Verified Complaint against the above-named Defendants. This action seeks to remedy a deliberate scheme to exploit an elderly woman (Jamila) and to deprive her and her brother (Javaid) of their rights through fraud, coercion, and abuse of legal process. Plaintiffs allege that Defendants, acting in concert, violated federal civil rights and RICO statutes, and committed multiple state-law torts (elder abuse, fraud, intentional infliction of emotional distress, abuse of process, and malicious prosecution) in the course of isolating Jamila and retaliating against Javaid.

## Parties

1. **Javaid Aziz (Plaintiff):** An 81-year-old resident of Cambridge, Massachusetts. He is Jamila's brother and has been a devoted sibling caregiver. Javaid was in daily communication with Jamila until late 2020, when Defendants' actions cut him off. He brings this suit on his own behalf and on behalf of Jamila (via power of attorney and as next friend) to protect her rights and well-being.
2. **Jamila K. Butt (Plaintiff):** 87 years old, mother of Defendant Neelofar K. Butt and sister of Javaid. Until late 2020, Jamila was an active, competent individual who clearly communicated her wishes regarding her care and property. She explicitly told family members: *"Do not sell my house. I want to live there with help, or leave it for my children in my will."*. Despite her intent, Jamila has since been declared (wrongfully) incapacitated and kept isolated in a nursing facility. Javaid acts as her attorney-in-fact pursuant to a power of attorney Jamila executed in *his* favor in early 2020, and as her next friend, because she currently cannot access independent counsel due to Defendants' coercion.
3. **Neelofar K. Butt (Defendant):** Jamila's daughter (and Javaid's niece), residing in New York. Neelofar is the primary orchestrator of the scheme. Beginning in 2017, she sought to take control of Jamila's finances and care, against Jamila's expressed wishes. Neelofar procured a **fraudulent 18-page Power of Attorney (POA)** purportedly signed by Jamila naming Neelofar as agent. Using this dubious POA, Neelofar seized control of Jamila's assets and decision-making, isolated Jamila from other family (especially Javaid), and undertook legal actions to cement her control (including obtaining a false restraining order against Javaid). An affidavit was submitted in Court by Neelofar on May 21, 2024 where she states that she withdrew the TRO on the assurance of Brightview that they will not allow Javid to see Jamila. And the affidavit is so full of perjury that it would be discredited in discovery; one statement she made in that "miss-trial" was declared by Hon. Judge Wayne Humphrey which is totally false according to the Court transcript. The trial was passed on to Hon. Judge Arlene A. Gordon-Oliver, who on March 29, 2022 extended the TRO to October 19, 2022 and hinted that either of the two parties (Javaid or Neelofar), could face jail time; the Judge also questioned why this case was in Family Court and not in Guardian Court. She is sued for all claims including civil rights violations, fraud, elder abuse, IIED, abuse of process, malicious prosecution, civil conspiracy, and RICO violations.

2

4. **Neil H. Reig, Esq. (Defendant):** An attorney and notary in New York, alleged co-conspirator and legal advisor to Neelofar. Reig is believed to have drafted or facilitated the fraudulent 18-page POA and related documents (such as a health care proxy and trusteeship documents in Surrogate's Court, committing perjury that: a. It was an emergency; b. Family does not have $100,000 for IRS taxes; c. While Reig knew that family had cash more than a million in bank accounts;) to give Neelofar control over Jamila's affairs. He notarized documents that are suspected forgeries (e.g., notarizing Jamila's "signature" on the POA that Jamila likely never signed). Reig also represented or assisted Neelofar in court proceedings arising from this scheme (including appearing with Neelofar in Family Court on Feb. 25, 2020 to obtain a TRO against Javaid). Reig submitted an affidavit in Court on May 12, 2021 which contained statements that are perjury, like: "I was retained by Jamila in Summer of 2017", which is untrue. "I spoke with Jamila on the phone to inter alia discuss—", which never happened. There were about 100 pages to discuss on phone with an 80-year-old lady who is hard of hearing. Reig further said: "Within a week after I sent her the documents, — on July 18, 2017 Jamila executed the POA, HCP, Living Will and Last Will and Testament at my office." According to Jamila's written testimony, that never happened. On all these pages (100 or so or more) only two people appear — Neil Reig, Attorney, Neil Reig, witness, and the office employee Denise Gurdal as witness. And Reig gave this affidavit when Jamila was trying to stop sale of her home in Court (Docket #54798/2021), by her own attorney, Khalid Azam. Since it was all a set up with the judges, they did not care for evidence. Reig is sued for fraud, civil conspiracy, RICO, and civil rights violations (as a willful participant under color of law in obtaining fraudulent court orders).

5. **Brightview Senior Living, LLC (Defendant)**: The operator of "Brightview Tarrytown," an assisted living facility in Tarrytown, NY where Jamila has been confined since late 2017. Brightview is a corporate defendant (believed to be organized under the laws of a state other than MA) that owns or manages the facility. Brightview staff, at Neelofar's direction, enforced Jamila's isolation – e.g., barring Javaid or other family from contact at Neelofar's instruction. Despite clear signs of Jamila's distress (she would cry and beg to see her brother) and Javaid's complaints, Brightview **failed to intervene** or report the abuse, effectively **abetting Neelofar's elder abuse and neglect** of Jamila. Brightview allowed an apparently unauthorized person (Neelofar) to dictate Jamila's care and visitation, even when Neelofar's legal authority was dubious. Brightview is sued for **elder abuse/neglect** (under applicable state law) and **intentional infliction of emotional distress** (for its reckless inaction despite knowing the harm to Jamila), as well as civil conspiracy (joining the agreement by acquiescing in the unlawful isolation). And injuries to Jamila (two broken arms).

6. **John Doe & Jane Doe (To be added)**

**Subject Matter Jurisdiction:** This Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiffs assert claims arising under federal law (including violations of 42 U.S.C. § 1983 and 18 U.S.C. § 1962 (RICO)). The Complaint alleges a pattern of racketeering and civil-rights violations, which invoke federal jurisdiction. The Court also has diversity jurisdiction under 28 U.S.C. § 1332, as complete diversity exists (Plaintiff Aziz is a Massachusetts citizen; all Defendants are citizens of New York) and the amount in controversy exceeds $75,000.

(Jamila's interests align with Javaid's; even if Jamila is deemed a New York citizen by residence, her inclusion is as an involuntary Plaintiff under duress.) The Court has supplemental jurisdiction over all related state-law claims under 28 U.S.C. § 1367, since those claims are so related to the federal claims as to form the same case or controversy.

**Personal Jurisdiction:** All Defendants are subject to personal jurisdiction in this District. Several Defendants (Neelofar Butt, Reig) reside in New York counties within this District (Westchester county, served by the White Plains Division). Brightview LLC operates a senior facility in Tarrytown (Westchester County). Moreover, Defendants have purposefully directed tortious and fraudulent acts into New York, targeting Plaintiffs here. These contacts satisfy New York's long-arm statute and due process requirements. In sum, the exercise of personal jurisdiction over Defendants in New York is appropriate.

**Venue:** Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2). A substantial part of the events or omissions giving rise to the claims occurred in Westchester and Putnam Counties (for example, Jamila's home and care facility are in Westchester), and several Defendants reside in this District. Therefore venue lies in the Southern District of New York. This case is properly assigned to the White Plains Division, which serves Westchester and Putnam Counties.

**Factual Background:** The following facts are based on Plaintiffs' personal knowledge:

**A. Jamila's Intentions and Neelofar's Power Grab (2017–2020):** Jamila K. Butt (age 87) is the family matriarch. After her husband died in 2016, Jamila owned (directly or through a trust) the Westchester, NY family home and other assets. By 2019 she clearly planned to remain in her home with help, and did *not* want the house sold during her lifetime. In fact, on September 9, 2019, Jamila hand-wrote and signed a directive: "Do not sell my house during my lifetime." She also retained independent counsel (Khalid Azam, Esq.) in late 2019 to help protect her wishes. These steps show Jamila was of sound mind and did not intend to give up her home.

Despite this, her daughter Neelofar K. Butt sought to seize control of Jamila's affairs. In late 2019 Neelofar (with Attorney Reig) produced a lengthy 18-page Power of Attorney document purportedly making herself Jamila's attorney-in-fact. Jamila never acknowledged signing such a document, and the signature on it appears forged or obtained under false pretenses. Moreover, the document was notarized by Neelofar's friend, Defendant Reig, who drafted and notarized a signature in favor of his client. This raises serious conflict-of-interest concerns. By contrast, on February 12, 2020, Jamila executed a *different* POA in favor of Javaid Aziz (her brother) – a short-form document – clearly authorizing him to help her. This February 2020 POA confirms Jamila's true wish that Javaid, not Neelofar, manage her affairs with Jamila and along with an Attorney of her choice. Jamila's directives and this POA highlight that Neelofar's claim of authority was contrary to Jamila's wishes.

**B. False Accusations and a Fraudulent TRO to Isolate Jamila (2020–2022):** By early 2020 Neelofar realized Jamila had empowered Javaid to intervene. To cut him off, Neelofar and Neil Reig, hatched a plan: On February 25, 2020, Neelofar went to New York Family Court and obtained a Temporary Order of Protection (TRO) against Javaid by presenting false accusations (e.g., claiming he "abducted" Jamila). The attorney filing this was Neil Reig. In reality, Jamila

4

was pleading for help from Javaid at that time – the abuse allegations were lies. Based on these lies, Family Court Judge Humphrey (who had worked in District Attorney's office with Neelofar and stated it on the day he recused himself), issued a one-year no-contact order isolating Jamila from Javaid. During 2020–2022 this TRO remained in place, effectively "gagging" Javaid in any related proceedings. Jamila repeatedly attempted to contact Javaid during that period, and Javaid answered, but neither could explain the court order to her for fear of harming her health. The result was that Jamila was kept locked away, contrary to her wishes, and years of sibling relationship were lost – time that can never be restored.

In March 2022, after Judge Humphrey recused, Neelofar even *admitted on the record* that she had never been Jamila's guardian, undermining the basis for the original TRO. This confirmed Jamila's allegations that Neelofar had no legal authority. Yet despite this revelation, no court rescinded the isolation order; the damage to Jamila and Javaid was already done.

**C. Fraudulent Power of Attorney and Control of Assets:** I have personal knowledge that, in September 2019, Jamila fully trusted me with her affairs and expressly directed that her house not be sold. Jamila made that directive (in her prison conditions), on September 9, 2019, and got it witnessed by two witnesses before giving it to Javaid and her Attorney Khalid Azam. The witnesses worked for the Brightview Senior Living. The Signature of the first witness is by Christopher Scartinto, Maintenance Director. The signature of the second witness is by Gabriella (Gigi) Fresiello, Senior Concierge. It was presented to the Court in the effort to prevent the sale of the house of Jamila. Shortly thereafter, without Jamila's informed consent, Neelofar produced the 18-page POA in her own favor (prepared in 2017). I never saw Jamila knowingly sign it; indeed, Jamila's signature on that POA appears shaky or traced. Using this dubious POA, Neelofar seized Jamila's finances in 2020: she changed mailing addresses on Jamila's accounts, locked Jamila out of her own banking, and in early 2021 sold Jamila's Westchester home (worth roughly $1 million) without Jamila's knowledge. Jamila only learned of the sale later, causing her immense grief. She thereby lost the right to return home – an irreparable loss of sentimental and practical value. All of Jamila's important personal documents kept in the house were also lost or taken during the sale. I reported this suspected elder financial abuse to the local police and Westchester DA, but Neelofar deceived the authorities by falsely claiming she was Jamila's lawful guardian, stalling any investigation or protection.

I filed elder abuse complaints twice. With the District Attorney Office (May 21, 2021). After a while I was told by the investigator. "It is a civil matter. I did not call Jamila because I did not want to agitate her". Talked to the Assistant District Attorney. He said: "File it with Police and then we Prosecute."   I filed with the Police and after many months I got an Email saying: "Dr. (Neelofar) Butt has requested that I do not discuss her mother with you.". Police would  not give me the case number.

The law says that if you file a report, they will immediately visit the person. I have not been able to get anyone to comply with the law. This is because Neelofar worked as a Pediatric specialist in Child Abuse cases with the DA office, Westchester County. And Hon. Judge Humphrey worked with the DA office for 17 years before being elected Judge. And Neelofar assisted Attorney Humphrey at that time. When Jamila got agitated with Neil Reig, she called Javaid and Attorney Khalid Azam. After both contacted Neil Reig, he went to Family Court and got a TRO

5

that continued as Temporary (TRO), without a hearing for almost two years. Neil Reig knew that the proper venue to isolate Javaid from Jamila was the Guardian Court.

**D. Legal Harassment and Perjury in Court:** Neelofar has repeatedly lied in various courts to justify her takeover, and I have obtained court transcripts showing these false statements. For example, on Feb. 25, 2020 (Family Court), Neelofar falsely swore that Javaid had "abducted" Jamila and that Jamila was afraid of him – an utter lie, as Jamila was calling for Javaid's help that very week. Because of those lies, I was barred from even speaking in Family Court for nearly two years. Every time I tried to file something, the existence of the TRO and Judge Humphrey's hostility prevented me from being heard. During that period, Jamila and I lost precious time together. Notably, after Judge Humphrey recused in 2022, Neelofar admitted on the record that she had no guardianship over Jamila, vindicating what I had been saying. Yet, even then, no court lifted Jamila's isolation.

In late 2024, Neelofar initiated yet another baseless suit against me in New Hampshire (Grafton County, Case No. 215-2024-CV-00010). That case was initially dismissed by default against her (effectively ending it in my favor), but I have recently learned the default was vacated and the case is now active. This continuing litigation is another example of Neelofar's misuse of the courts to harass me and impede my efforts. Around the same time, in early 2025, Neelofar's lawyer (Rizzo) filed a Massachusetts district court action to enforce an uncollected New York money judgment (~$21,000) against Javaid. That was not a genuine debt-collection effort but retaliation for Javaid's attempts to help Jamila. Each time Javaid sought relief, Neelofar responded by filing new proceedings (in NY, NH, MA) to retaliate and tie him up. This tit-for-tat pattern has made it impossible to get a normal court hearing on Jamila's plight.

**E. Current Status of Jamila:** As of the latest information (July 2025), Jamila remains confined at Brightview Senior Living in Tarrytown under Neelofar's control. Jamila has age-related frailties, but before Neelofar intervened she was handling her affairs and was alert and of sound mind. Since her prolonged isolation, Jamila has become withdrawn, depressed, and sometimes confused – symptoms consistent with undue "institutionalization." I fear that if Neelofar feels cornered by this case, she might take drastic actions, such as moving Jamila to a distant facility or subjecting her to unwanted medical interventions (heavy sedatives or psychiatric holds) to keep her incommunicado. Jamila is extremely vulnerable: she depends entirely on those around her for daily care, and those people (Neelofar and possibly a few staff) are currently preventing her from speaking freely to me. In my last covert phone call with Jamila (late 2024), she quietly pleaded, "Please take me home with you." I assured her I was doing everything I could. I am haunted by the desperation in her voice and genuinely fear that if I cannot act immediately, I may never get another chance to help her.

**F. Plaintiffs' Exhaustion of Remedies:** Plaintiffs have attempted to seek relief through available forums, without success. We reported Neelofar's misconduct to law enforcement and New York courts, but technical and jurisdictional obstacles prevented justice. No state court in New York has effectively addressed Jamila's confinement or asset loss (the Family Court case ended with the TRO vacated but no remedy), and the New York Supreme Court actions did not reach merits. Having exhausted reasonable options, Plaintiffs now turn to this Court for comprehensive relief. There is no record of proper Dementia diagnosis on the record of Guardian Court or with the Brightview Senior Living.

**Causes of Action:** All counts below incorporate the foregoing allegations. Plaintiff Javaid Aziz brings each claim individually and (as attorney-in-fact for Jamila) on Jamila's behalf, to the extent her interests are affected.

1. **Count I – Civil Rights Violations (42 U.S.C. § 1983; Due Process & First Amendment):** Defendants Neelofar Butt, Neil Reig, Judge Wayne A. Humphrey, Judge Linda S. Jamieson, and Judge William J. Giacomo violated Plaintiffs' civil rights under color of state law. Neelofar and Reig lied to courts, inducing Family and State Court judges to issue orders (the 2020 no-contact TRO, and the June & Dec. 2021 Supreme Court orders) that deprived Plaintiffs of constitutional rights (procedural and substantive due process, and Javaid's right to familial association). Plaintiffs seek declaratory relief that those orders are void due to fraud, and damages for the deprivations. Neelofar and Reig are sued for damages since they participated in the conspiracy. As a result of this misconduct, Plaintiffs lost their right to maintain their sibling relationship and suffered severe emotional distress.
2. **Count II – Abuse of Process:** Defendants Neelofar Butt and Neil Reig abused legal process for an ulterior motive. They initiated and pursued legal actions (the Family Court TRO, related Supreme Court actions, and the Massachusetts enforcement action) not to address genuine disputes but to harass Jamila and Javaid and to maintain control over Jamila's assets. In each case, the judicial process was warped into a weapon: e.g., Neelofar obtained the TRO under false pretenses (to isolate Jamila); she filed the MA action not to collect a real debt, but to retaliate against Javaid; and she filed additional baseless suits (NH, etc.) to multiply proceedings. These actions proximately caused Plaintiffs to incur legal fees, emotional suffering, and the continued wrongful confinement of Jamila.
3. **Count III – Malicious Prosecution (and Malicious Use of Civil Proceedings):** Defendant Neelofar Butt initiated multiple baseless legal proceedings against Javaid with malice and without probable cause, and those proceedings terminated favorably for Javaid. For example, the Family Court TRO case rested on fraud and ended with no finding against Javaid. Neelofar's New Hampshire lawsuit (2024) was initially terminated by default against her (in Javaid's favor), but that default has since been vacated and the case is now active. Any criminal complaints she filed were dropped or not pursued. Neelofar's primary intent was to injure Javaid (and Jamila) through these lawsuits, not to vindicate any genuine right. As a result of this malicious prosecution, Javaid has suffered damages (fees, distress, reputational harm).
4. **Count IV – Fraud (and Fraud on the Court):** Defendants Neelofar and Reig engaged in intentional misrepresentation and deceit to carry out their scheme. They forged or fraudulently executed documents (the 18-page POA, a Health Care Proxy, false Jamila signatures) and made false statements in court (e.g., perjured affidavits claiming Jamila was incompetent and Neelofar had authority). For instance, Neelofar lied to Judge Humphrey that Jamila feared Javaid; Reig notarized Jamila's name knowing it was not genuine. Courts and others justifiably relied on these lies (Brightview acted on Neelofar's fake POA; Judge Humphrey issued the TRO based on false abuse allegations). Plaintiffs directly suffered harm: Jamila lost her home and liberty, and Javaid lost years of familial companionship. This count also seeks that any court orders procured by Neelofar's fraud be declared void.

5. **Count V – Intentional Infliction of Emotional Distress (IIED):** Defendants Neelofar and Brightview Senior Living LLC engaged in extreme and outrageous conduct with intent (or reckless disregard) to cause severe emotional distress. Neelofar's acts – isolating Jamila from her family under false pretenses, selling Jamila's home against her wishes, and subjecting Javaid to years of false accusations – exceed all bounds of decency. Brightview – as Jamila's caregiver – willingly enforced this abuse by barring Javaid's access even as Jamila cried out for family. Neelofar knew that Jamila ate only Kosher food or Halal (Islamic) food but put her in a facility where such food (especially meats) were not available. Until February 2020, Javaid sent Jamila Halal cooked meats in frozen packages. Sometimes brought it personally from Massachusetts. This conduct was outrageous and intentionally targeted to break Jamila's spirit and punish Javaid. As a result, Jamila has suffered severe depression and despair, and Javaid has experienced anxiety, grief, and insomnia. Defendants' actions were a substantial factor in causing this distress.
6. **Count VI – Civil Conspiracy:** All Defendants conspired to commit the unlawful acts described above. From 2017 onward, Defendants coordinated to defraud, silence, and exploit Jamila. Neelofar enlisted Reig to draft fraudulent papers; they used doctor (Rosen) to support false incapacity claims; they filed lawsuits in multiple jurisdictions (NH, MA) to harass Javaid; Brightview complied by isolating Jamila; and a certain Jane Doe and others helped liquidate Jamila's assets. These actions, taken in concert, furthered the common scheme to keep Jamila under Neelofar's control. Each defendant acted in furtherance of the conspiracy, and each is jointly liable for the torts committed in furtherance of it (even if not personally performing every act).
7. **Count VII – Elder Abuse and Exploitation:** Defendants Neelofar and Brightview violated laws protecting elders from abuse and exploitation. Neelofar's conduct constitutes financial exploitation of Jamila (misusing Jamila's funds and property) and abuse (willfully isolating an elderly person). Brightview breached its duty of care by neglecting to report or halt this abuse. Under New York's social services laws, caregivers and others who know or should know of elder abuse have a duty to act. Brightview staff treated Jamila callously, standing between her and her brother despite Jamila's pleas. Such neglect and enabling are actionable. Jamila has suffered financial and emotional injuries as a direct result.

**Prayer for Relief:** Plaintiffs Javaid Aziz (individually and as attorney-in-fact for Jamila K. Butt) respectfully request that this Court grant the following relief:

- **Declaratory Relief:** A declaration that the February 25, 2020 Family Court Protection Order and the related New York Supreme Court orders of June 21 and December 22, 2021 were obtained by fraud and in violation of Plaintiffs' rights, and are therefore void and unenforceable.
- **Injunctive Relief:** Permanent injunctions preventing Defendants from continuing to isolate or mistreat Jamila. Specifically, enjoin Neelofar (and any co-conspirators) from barring any communication or visitation between Jamila and Javaid, from interfering with Jamila's living arrangements or medical care, and from accessing or disposing of Jamila's assets without court oversight. Enjoin Neelofar from serving in any fiduciary or custodial role for Jamila (such as guardian or attorney-in-fact) and from initiating any further legal proceedings against Plaintiffs without leave of court.

- **Immediate Injunctive Relief (TRO/Preliminary Injunction):** An immediate ex parte Temporary Restraining Order (and subsequent preliminary injunction) as detailed in Plaintiffs' motion, to protect Jamila's health and restore contact with her brother during this litigation.
- **Compensatory Damages:** An award of compensatory damages in the amount of **$10,000,000** for the losses caused by Defendants. This includes Jamila's financial loss (e.g., the value of her home) and expenses, and the emotional pain and suffering of both Jamila and Javaid.
- **Punitive Damages:** An award of punitive damages against the individual Defendants (especially Neelofar and Reig) to punish their willful, malicious conduct and to deter similar elder abuse and fraud.
- **RICO Treble Damages and Fees:** Treble damages under 18 U.S.C. § 1964(c) for the RICO claim, together with costs and reasonable attorney's fees (including the value of Javaid's pro se efforts).
- **Appointment of Guardian ad Litem:** An order appointing a Guardian ad Litem for Jamila K. Butt to protect her interests in this case, as separately moved.
- **Restoration of Jamila's Rights:** Any equitable relief necessary to restore Jamila's personal autonomy and estate. This may include voiding fraudulent powers of attorney or transfers, ordering an accounting of Jamila's assets, and transferring assets back to Jamila. Allow Jamila to hire a lawyer of her own choice.
- **Costs and Interest:** Award of taxable costs and pre- and post-judgment interest as allowed by law.
- **Other Relief:** Such other relief as the Court deems just and proper, including referral of relevant matters to law enforcement or regulatory authorities given the seriousness of the allegations.

Plaintiffs demand a trial by jury on all issues so triable.

Dated: July 9, 2025.
Respectfully submitted,

Javaid Aziz (Pro Se)
On his own behalf and as Attorney-in-Fact for Jamila K. Butt
131 Reed Street, Cambridge, MA 02140
Tel: 617-642-9058; Email: javaid.aziz@gmail.com

_____

Javaid Aziz

**Verification:**

I, Javaid Aziz, declare under penalty of perjury that I am a Plaintiff in this action. I have read this Verified Complaint and know its contents. The factual allegations are true to my knowledge or belief. I make this verification on my own behalf and for co-Plaintiff Jamila K. Butt (my sister) as her attorney-in-fact and next friend, given her inability to access counsel while under duress.

Dated: July 9, 2025.

*Javaid Aziz*

_____

Javaid Aziz