# MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK (WHITE PLAINS DIVISION)**

**JAVAID AZIZ**, individually and as attorney-in-fact for **JAMILA K. BUTT**,
Plaintiffs,

v.

**NEELOFAR K. BUTT**, et al.,
Defendants.

Civil Action No. _____

**MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM**

(Fed. R. Civ. P. 17(c)(2))

Plaintiffs respectfully move this Court to appoint an independent **Guardian ad Litem** ("GAL") for **Jamila K. Butt**, an 87-year-old elder currently confined at Brightview Senior Living in Tarrytown, NY, and allegedly subject to fraud, coercion, and isolation. This motion is made pursuant to **Federal Rule of Civil Procedure 17(c)(2)** and controlling Second Circuit precedent.

## I. LEGAL STANDARD

Rule 17(c)(2) of the Federal Rules of Civil Procedure provides:

"The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."

In the Second Circuit, **appointment is mandatory** where a litigant may be incompetent and lacks adequate representation. See *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 203 (2d Cir. 2003); *Berrios v. N.Y.C. Housing Auth.*, 564 F.3d 130, 134–35 (2d Cir. 2009). If "verifiable evidence" of incompetence is presented, and the person lacks legal representation, the court must appoint a GAL or take alternative protective steps.

## II. FACTUAL BASIS FOR APPOINTMENT

• **Jamila K. Butt** is 87 years old, a widow, and a longtime resident of Westchester County.

• She is currently confined to Brightview Senior Living in Tarrytown, NY.

• She has no access to independent legal counsel and is currently **represented by her alleged abuser**, Defendant **Neelofar K. Butt**, under a disputed Power of Attorney.

• Jamila executed a *different* Power of Attorney in February 2020 in favor of her brother, Plaintiff **Javaid Aziz**, consistent with her known wishes and mental clarity at that time.

• Since 2020, Jamila has been kept in **near-total isolation** from her family and deprived of her personal autonomy and rights. Her home was sold without her full knowledge, and her estate is under the exclusive control of Neelofar.

• Plaintiffs submit evidence that Jamila has been suffering from **depression, confusion, and mental decline**, worsened by isolation, medication, or lack of meaningful human contact.

• A prior state court did **not appoint any guardian** and failed to conduct a proper mental competency hearing.

### III. NEED FOR A GUARDIAN AD LITEM

Plaintiff Javaid Aziz, while Jamila's brother and duly authorized agent by POA, does **not** seek to act as GAL due to the inherent conflict as a party to this case. An **independent, court-appointed GAL** is necessary to:

• Investigate Jamila's current condition and expressed wishes.

• Determine whether the contested Power of Attorney held by Neelofar is valid.

• Ensure Jamila's voice is represented in all legal decisions affecting her person and property.

• Evaluate whether her living conditions and healthcare arrangements serve her best interests.

• Act as an independent advocate and liaise with the Court regarding appropriate protective orders.

Courts have consistently held that where a party's **capacity is unclear** and they lack independent counsel, the court **must not proceed** without first appointing a guardian. *Ferrelli*, 323 F.3d at 203; *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989) (capacity must be resolved before action proceeds).

### IV. SCOPE OF RELIEF REQUESTED

Plaintiffs respectfully request the following:

1. That the Court appoint a neutral, qualified **Guardian ad Litem** for Plaintiff **Jamila K. Butt**, pursuant to Rule 17(c)(2).

2. That the GAL be empowered to:

• Access Jamila and conduct private interviews with her.

• Review her medical and financial records.

• File reports and recommendations to the Court.

• Participate in case management conferences and motion practice as appropriate.

3. That the GAL's costs and reasonable fees be approved by the Court, with payment deferred or drawn from estate assets at a later stage if appropriate.

Plaintiffs are prepared to submit suggested GAL candidates upon request, or defer selection to the Court's discretion.

## V. CONCLUSION

Jamila K. Butt, an elderly woman with potentially compromised capacity, is without legal representation or voice in this action—despite being its central victim. The Federal Rules and the Constitution demand no less than full protection of her interests.

For these reasons, Plaintiffs respectfully request this Court to appoint a Guardian ad Litem to represent Jamila K. Butt immediately.

Dated: July 9, 2025

Respectfully submitted,

**/s/ Javaid Aziz**
Javaid Aziz (Pro Se)
131 Reed Street
Cambridge, MA 02140
Email: javaid.aziz@gmail.com
Tel: (617) 642-9058

_____

Javaid Aziz