# MOTION FOR PRELIMINARY INJUNCTION

**UNITED STATES DISTRICT COURT**
**Southern District of New York (White Plains Division)**

**JAVAID AZIZ**, individually and as attorney-in-fact for **JAMILA K. BUTT**,

Plaintiffs,

v.

**NEELOFAR K. BUTT**, et al.,

Defendants.

Civil Action No. _____

**MOTION FOR PRELIMINARY INJUNCTION**

(Fed. R. Civ. P. 65(a))

Plaintiffs **Javaid Aziz**, pro se, and **Jamila K. Butt** (by Javaid Aziz, attorney-in-fact and next friend), respectfully move this Court pursuant to **Federal Rule of Civil Procedure 65(a)** for the entry of a **Preliminary Injunction** against the Defendants, to prevent further irreparable harm to the Plaintiffs during the pendency of this action.

## I. GROUNDS FOR RELIEF

Plaintiffs request that this Court preserve the status quo and prevent ongoing injury by entering an order that:

1. Prohibits the removal, sedation, or relocation of **Jamila K. Butt** from Brightview Senior Living (Tarrytown, NY) without express permission from this Court;

2. Requires that **Javaid Aziz** be permitted to maintain regular phone and in-person contact with Jamila;

3. Prohibits the use of any medical or psychiatric interventions without proper oversight and informed consent;

4. Freezes any financial assets titled in Jamila's name to prevent unauthorized depletion;

5. Bars Defendants from initiating retaliatory or duplicative litigation in other jurisdictions.

## II. LEGAL STANDARD

To obtain a preliminary injunction under **Rule 65(a)**, the moving party must show:

1. A likelihood of success on the merits;

2. A likelihood of irreparable harm in the absence of preliminary relief;

3. That the balance of equities tips in the movant's favor; and

4. That an injunction is in the public interest.

See *Winter v. NRDC*, 555 U.S. 7, 20 (2008); *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 34 (2d Cir. 2010).

## III. LIKELIHOOD OF SUCCESS ON THE MERITS

Plaintiffs are likely to succeed on their claims, including:

• **42 U.S.C. § 1983**: Violation of Jamila's fundamental rights to familial association and due process;

• **RICO (18 U.S.C. § 1962)**: Pattern of fraud and elder exploitation by a network of Defendants;

• **Common Law Fraud**: Use of a fabricated POA and perjured court filings to seize control of Jamila's estate and personal autonomy;

• **Abuse of Process & IIED**: Repeated weaponization of restraining orders and litigation to isolate and damage Plaintiffs.

The record includes affidavits, supporting exhibits, and corroborating evidence sufficient to demonstrate a strong likelihood of prevailing at trial.

## IV. IRREPARABLE HARM

Jamila Butt continues to suffer daily harm due to forced isolation, possible overmedication, lack of familial access, and mismanagement of her financial and legal affairs. Emotional trauma, cognitive decline, and deprivation of liberty are forms of irreparable harm long recognized by federal courts. See *Tenenbaum v. Williams*, 193 F.3d 581, 600 (2d Cir. 1999); *Doe v. Cuomo*, 490 F. Supp. 3d 181, 190 (S.D.N.Y. 2020).

Delays or inaction may result in further degradation of Jamila's condition, displacement, or irreversible legal and financial damage.

## V. BALANCE OF EQUITIES

Plaintiffs seek no more than to preserve the **status quo** and prevent further harm. No defendant will be unfairly prejudiced by the relief requested—unless they seek to continue unlawful conduct. In contrast, Jamila stands to lose her last years of agency and meaningful family connection if the abuse continues unchecked.

## VI. PUBLIC INTEREST

The public has a vested interest in ensuring that **elder abuse, fraudulent legal filings, and obstruction of family ties** are swiftly addressed. Courts have repeatedly affirmed that injunctive relief serves to prevent abuse and preserve fundamental liberties. See *Holly v. Anderson*, 200 F. Supp. 3d 218 (W.D.N.Y. 2016); *J.S.R. v. Sessions*, 330 F. Supp. 3d 731 (D. Conn. 2018).

## VII. NO BOND REQUESTED

Pursuant to **Fed. R. Civ. P. 65(c)**, Plaintiffs respectfully request that the Court waive the bond requirement due to their limited means and because the injunction merely preserves the status quo in a public interest case.

## VIII. CONCLUSION

Plaintiffs have shown a clear need for relief and respectfully ask the Court to:

1. Grant this Motion for Preliminary Injunction;

2. Schedule a hearing at the earliest possible time under Rule 65(a)(2); and

3. Grant such other relief as the Court deems just and proper.

Dated: July 2, 2025
Respectfully submitted,

**/s/ Javaid Aziz**
Javaid Aziz (Pro Se)
131 Reed Street
Cambridge, MA 02140
javaid.aziz@gmail.com
(617) 642-9058

_____
Javaid Aziz