UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK (WHITE PLAINS DIVISION)

**JAVAID AZIZ**, individually and as attorney-in-fact for **JAMILA K. BUTT**,

Plaintiffs,

v.

**NEELOFAR K. BUTT**, et al.,

Defendants.

Civil Action No. _____

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER**

Plaintiffs respectfully submit this Memorandum of Law in support of their Emergency Motion for a Temporary Restraining Order ("TRO") under Federal Rule of Civil Procedure 65(b), to protect the health, liberty, and fundamental rights of Jamila K. Butt, an elderly and vulnerable individual, and to prevent irreparable harm from continuing unlawful conduct by Defendants.

**PRELIMINARY STATEMENT**

This is an emergency action to stop the continued isolation and abuse of **Jamila K. Butt**, 87 years old, who is currently confined at Brightview Senior Living in Tarrytown, NY, under the unlawful control of her daughter **Neelofar K. Butt**. The verified complaint and affidavit of her brother, Plaintiff **Javaid Aziz**, show that Defendants obtained fraudulent legal authority, manipulated courts with perjury, and used a fabricated power of attorney to seize Jamila's assets and sever her from all contact with her family.

Absent immediate judicial intervention, Jamila's condition—emotionally and physically—will continue to deteriorate. The facts warrant issuance of an **ex parte TRO** to prevent further irreparable harm, and to preserve Jamila's basic rights, health, and access to familial support during the pendency of this litigation.

**LEGAL STANDARD**

A Temporary Restraining Order is appropriate where the movant shows:

1. A likelihood of success on the merits,

1

2. A likelihood of irreparable harm in the absence of preliminary relief,

3. That the balance of equities tips in the movant's favor, and

4. That an injunction is in the public interest.

*Winter v. NRDC*, 555 U.S. 7, 20 (2008); *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).

When an application is made **ex parte**, the movant must also satisfy the additional standard under **Fed. R. Civ. P. 65(b)(1)**: specific facts must show that **immediate and irreparable injury will result before the adverse party can be heard**.

**ARGUMENT**

**I. Plaintiffs Are Likely to Succeed on the Merits**

Plaintiffs assert multiple claims supported by detailed facts, including:

• **Civil Rights Violations** (42 U.S.C. § 1983): Defendants acted under color of law to isolate Jamila and suppress familial contact, violating both substantive due process and First Amendment rights (*Roberts v. U.S. Jaycees*, 468 U.S. 609 (1984); *Troxel v. Granville*, 530 U.S. 57 (2000)).

• **Fraud and Abuse of Process**: The 18-page Power of Attorney used to control Jamila's estate was notarized by Defendant Reig and allegedly signed under duress or forged. Defendants then misused family court restraining orders, obtained by perjury, to maintain unlawful control.

• **Elder Abuse and RICO Violations**: The repeated manipulation of courts, exploitation of financial accounts, and coercive confinement of Jamila constitute a pattern of racketeering activity and elder exploitation under both state and federal law (e.g., N.Y. Social Services Law § 473; 18 U.S.C. § 1962).

These legal claims are supported by Jamila's handwritten directives, sworn affidavits, and factual records. Plaintiffs have at least raised serious questions going to the merits, satisfying Second Circuit standards for equitable relief.

**II. Irreparable Harm is Imminent and Ongoing**

Jamila K. Butt's isolation from her only close family has lasted over **four years**, during which her condition has visibly deteriorated. Her calls for help have been ignored or intercepted. Every day of continued isolation risks:

• Cognitive and emotional decline,

• Increased dependency,

• Permanent loss of familial companionship,

• Risk of sudden medical or psychiatric interventions without oversight.

Federal courts routinely recognize that interference with familial association, physical liberty, and mental well-being constitute irreparable harm. *Doe v. Cuomo*, 490 F. Supp. 3d 181, 190 (S.D.N.Y. 2020); *J.S.R. v. Sessions*, 330 F. Supp. 3d 731 (D. Conn. 2018). The Second Circuit has long held that deprivation of familial integrity implicates constitutional rights. See *Tenenbaum v. Williams*, 193 F.3d 581, 600–01 (2d Cir. 1999).

### III. The Balance of Equities Favors Plaintiffs

Plaintiffs request only that Defendants be prevented from **removing, sedating, or isolating** Jamila while this case is heard. The TRO would not require changes in care, only that Defendants refrain from further abusive or retaliatory actions.

Meanwhile, Jamila stands to suffer permanent harm—emotionally, physically, and financially—if Defendants are allowed to continue interfering. The risk of abuse and fraudulent transfer of property or accounts continues to grow.

The equities thus weigh overwhelmingly in Plaintiffs' favor.

### IV. The Public Interest Supports Granting the TRO

Federal and state policies strongly favor **protection of elder rights**, the **integrity of familial relationships**, and **prevention of fraud and coercion** in healthcare and legal decision-making. See *Holly v. Anderson*, 200 F. Supp. 3d 218 (W.D.N.Y. 2016) (enjoining improper interference with a family's end-of-life decisions); *United States v. Quarantillo*, 2010 WL 5422545 (E.D.N.Y. 2010).

The public interest is not served by permitting continued isolation, manipulation of courts, or retaliatory litigation intended to silence advocacy on behalf of the elderly.

### V. Ex Parte Relief is Justified

Under **Rule 65(b)(1)(A)**, courts may grant temporary relief **without notice** where providing notice would allow Defendants to act before the Court can intervene. Here, past behavior shows that when confronted with legal action, Defendants respond with:

• Frivolous countersuits in state courts,

• Sudden changes to Jamila's care or residence,

• Attempts to obtain conflicting state restraining orders,

• Possible sedation or claims of incompetence to prevent communication.

Given this history, immediate relief is the only way to protect Jamila from retaliatory concealment or harm.

**CONCLUSION**

Plaintiffs have made a compelling showing of entitlement to a Temporary Restraining Order under Rule 65. The facts justify **emergency intervention to preserve Jamila K. Butt's health, autonomy, and access to her family**. This Court should:

1. **Grant the TRO** as outlined in the accompanying Proposed Order;

2. **Waive any bond** under Rule 65(c) given the public interest and Plaintiffs' limited means;

3. **Schedule a prompt preliminary injunction hearing.**

Respectfully submitted,
Dated: July 9, 2025

**/s/ Javaid Aziz**
Javaid Aziz (Pro Se)
131 Reed Street
Cambridge, MA 02140
Email: javaid.aziz@gmail.com
Phone: (617) 642-9058

*Javaid Aziz.*

_____

Javaid Aziz