UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAVAID AZIZ, individually and as attorney-in-fact for JAMILA K. BUTT,

                          Plaintiff,

-against-

NEELOFAR K. BUTT, et al.,

                          Defendants.

25-CV-5789 (JGLC)

**MEMORANDUM OPINION AND ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

      Plaintiff Javaid Aziz, who is proceeding *pro se*, originally filed this action on behalf of himself and as attorney-in-fact for Jamila K. Butt on July 12, 2025, alleging civil rights violations pursuant to 42 U.S.C. § 1983 ("Section 1983") in addition to the following state and common law claims: abuse of process, malicious prosecution, fraud, intentional infliction of emotional distress ("IIED"), civil conspiracy, and elder abuse. ECF No. 1 ("Complaint" or "Compl."). That same day, Plaintiff filed a motion for a preliminary injunction and for an *ex parte* temporary restraining order (ECF Nos. 6, 7). For the reasons set forth below, the Court DENIES both motions.

      In the Complaint,[1] Plaintiff Aziz (an 81-year-old man) alleges that Jamila K. Butt—his sister, an 87-year-old woman currently living in a nursing facility—has been the victim of a fraudulent "power grab" by Jamila's daughter, Neelofar K. Butt. Specifically, Aziz alleges that Neelofar sought to seize control of Jamila's affairs and assets, and worked with Defendant Reig

---

[1] Plaintiff is proceeding *pro se*, and the Court must construe pleadings "liberally" and interpret them "to raise the strongest arguments that they *suggest*." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal citation omitted). Even so, *pro se* litigants are expected to fully comply with procedural rules and substantive law. *See Maisonet v. Metro. Hosp. & Health Hosp. Corp.*, 640 F. Supp. 2d 345, 348 (S.D.N.Y. 2009)).

(an attorney) to execute a power of attorney to make Neelofar Jamila's attorney-in-fact. Compl. at 4. The Complaint alleges that thereafter, Neelofar took steps to isolate Jamila from Aziz and the rest of her family, by, among other things, securing TROs against Aziz in family court through false and fraudulent means. *Id.* at 4–6. The Complaint also alleges that Neelofar, after executing the allegedly fraudulent power of attorney, changed the mailing addresses on Jamila's accounts, locked Jamila out of her own banking accounts, and sold Jamila's Westchester home (worth approximately $1 million) without Jamila's knowledge and contrary to her wishes. *Id.* at 5.

Aziz now moves for a TRO and a preliminary injunction, stating he fears that Neelofar may continue to prevent him from interacting with Jamila and may even move her to a more remote nursing facility. In order to obtain preliminary injunctive relief, a movant must show that: (1) they are "likely to succeed on the merits"; (2) they will "suffer irreparable harm in the absence of preliminary relief; (3) "the balance of equities tips in [movant's] favor"; and (4) "an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citation omitted). In this Circuit, it is well established that the same legal standard generally governs the issuance of preliminary injunctions and TROs. *See Basank v. Decker*, 449 F. Supp. 3d 205, 210 (S.D.N.Y. 2020). The issuance of either a TRO or preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted less the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 510 (2d Cir. 2005) (cleaned up) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

The Court first denies the application for a preliminary injunction. A party moving for a preliminary injunction must provide advance notice to the adverse party, *see* FED. R. CIV. P. 65(a)(1), which generally requires affording the defendant an opportunity to be heard. *See*

*Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 105 (2d Cir. 2009) (observing that the "notice" provision has been construed to require the district court to "allow the adverse party sufficient time to marshal his evidence and present his arguments against the issuance of the injunction, *i.e.,* the adverse party must be afforded a fair opportunity to oppose the preliminary injunction.") (cleaned up and internal citation omitted). Summonses were only issued recently (ECF No. 13), and have yet to be served on the Defendants. Accordingly, a preliminary injunction would be inappropriate at this time where the Court lacks the benefit of any arguments, affidavits, appearance, or evidence from the Defendants to be enjoined (and where ample opportunity has not been given for Defendants to appear).

The Court similarly denies Plaintiff's application for an *ex parte* TRO. Because a TRO typically occurs before extensive discovery and is often issued *ex parte*, "a TRO, perhaps even more so than a preliminary injunction, is an 'extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Free Country Ltd v. Drennen*, 235 F. Supp. 3d 559, 565 (S.D.N.Y. 2016) (quoting *JBR, Inc. v. Keurig Green Mountain, Inc.*, 618 F. App'x 31, 33 (2d Cir. 2015)). A court may issue a TRO without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . . ." FED. R. CIV. P. 65(b)(1)(A).

A review of the Complaint indicates that Plaintiff has failed to meet this high bar. For instance, the Section 1983, Due Process, and First Amendment claims are unlikely to succeed because they are alleged against private individuals, even though each of these claims require state action. Compl. at 7. Plaintiff appears to acknowledge this, instead alleging "state action" due to the named defendants allegedly "inducing" certain orders from Family Court judges. *Id.*

But this too would fail to establish Section 1983 liability: judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (explaining that the only exceptions to judicial immunity are when a judge take nonjudicial actions or acts in the complete absence of jurisdiction). This immunity would presumably extend to the "orders" Plaintiff Aziz alleges that Defendants "induced" the state court judges to issue because generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009).

The state and common law claims are likely to raise similar issues. For instance, New York does not recognize a cause of action for elder abuse and exploitation, and Plaintiff has not pointed to any specific statute authorizing such a claim. *See Plunkett v. U.S. Bank Nat'l Ass'n*, No. 24-CV-5479 (SJB), 2025 WL 1489904, at *13 (E.D.N.Y. May 23, 2025). Further, Plaintiff's claims with respect to abuse of process, malicious prosecution, and fraud[2] all appear to generally revolve around filings in, and orders from, a family court case. Compl. at 7–8. In *Ankenbrandt v. Richards*, the Supreme Court recognized a domestic relations "exception" to Congress's grant of diversity jurisdiction[3] in 28 U.S.C. § 1332, holding that the exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees." 504 U.S. 689, 704 (1992). This "exception" for diversity cases has also been recognized as an "abstention" doctrine in federal question cases. *See Zappin v. Comfort*, No. 23-7363, 2024 WL 5001624, at *2 (2d Cir. Dec. 6, 2024) (cleaned up) (citing *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990)).

---

[2] The fraud claim would also be subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading standards, and the Complaint lacks the specificity required thereunder.

[3] Because, as described above, the federal causes of action would likely fail, the Court would need to exercise diversity jurisdiction to avoid dismissing the action.

4

The abuse of process, malicious prosecution, and fraud claims (and the core facts of the instant action generally) may implicate these doctrines, and the Court lacks the benefit of briefing from the parties as to whether jurisdiction could properly be exercised as to these claims. Indeed, much of Plaintiff's requested relief would require the Court to invalidate a TRO issued by a state court, which Aziz himself concedes has not been formally rescinded. Compl. at 5. Yet the Court lacks any transcripts, documents, or other materials from that case, and would essentially need to vacate the TRO purely based on Plaintiff's assertions.

Plaintiff's IIED and civil conspiracy claims are also not likely to succeed. In this Circuit, IIED is a "highly disfavored tort," and a plaintiff must plead, among other things, "extreme and outrageous conduct" that is so extreme in degree "as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Blanco v. Success Acad. Charter Sch., Inc.*, 722 F. Supp. 3d 187, 217 (S.D.N.Y. 2024) (cleaned up and internal citations omitted). The Complaint does not make a "clear showing" of such outrageous conduct to support an IIED claim. And without any underlying tort, a civil conspiracy claim cannot be maintained. *See Arvanitakis v. Lester*, 44 N.Y.S.3d 71, 73 (2d Dep't 2016) ("A cause of action alleging conspiracy to commit a tort stands or falls with the underlying tort.").

Finally, the Court notes that the Complaint suggests that Plaintiff will face jurisdictional hurdles. In addition to the issues described above regarding the domestic relations exception to jurisdiction, Plaintiff Aziz also purports to bring this action as Jamila's attorney-in-fact. But it has been noted that a mere agency relationship (like a power of attorney relationship) is generally insufficient to satisfy the injury-in-fact requirement for constitutional standing. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18 (2d Cir. 1997).

Based on the foregoing, Plaintiff has not made a "clear showing" of irreparable harm or a likelihood of success on the merits to warrant the entry of a TRO, particularly on an *ex parte* basis before Defendants can be heard. The TRO and preliminary injunction applications are therefore DENIED, and the Clerk of Court is respectfully directed to terminate ECF Nos. 6, 7, and 12.

Dated: August 6, 2025
       New York, New York

SO ORDERED.

*/s/ Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge