# UNITED STATES DISTRICT COURT

**SOUTHERN DISTRICT OF NEW YORK**

**WHITE PLAINS DIVISION**

**Case No. 7:25-cv-05789-JGLC**

**Hon. Jessica G.L. Clarke**

**JAVAID AZIZ, individually and as attorney-in-fact/next friend for JAMILA K. BUTT,**

**Plaintiffs,**

**V.**

**NEELOFAR K. BUTT, NEIL H. REIG, ESQ., BRIGHTVIEW SENIOR LIVING, LLC, Defendants.**

# EMERGENCY EX PARTE MOTION FOR PROTECTIVE ORDER

## TO PRESERVE FAMILIAL VISITATION AND COMMUNICATION

Plaintiff Javaid Aziz, acting pro se and as attorney-in-fact and next friend for Jamila K. Butt, respectfully moves this Court for an emergency protective order to prevent interference with his visitation and communication with Jamila K. Butt.

Plaintiff and Jamila are elderly siblings—ages 81 and 87, respectively. Jamila resides at Brightview Senior Living, 581 Old White Plains Rd., Tarrytown, New York. Plaintiff is her only surviving sibling, and their relationship is deeply rooted in mutual care and trust.

Plaintiff has filed this federal action to protect Jamila's rights and to challenge prior state court proceedings that denied her autonomy and familial contact. In light of this pending complaint, Plaintiff fears that Defendants may attempt to retaliate by cutting off his access to Jamila.

Time is of the essence. Plaintiff respectfully asks this Court to issue a protective order barring Defendants from interfering with his visitation and communication with Jamila, thereby preserving the dignity and peace of their relationship during this critical time.

This request imposes no burden on Defendants, seeks no punitive relief, and does not disturb any existing orders. It simply asks the Court to preserve a vulnerable sibling relationship from unjust interference and to prevent retaliation that could sever their final opportunity for contact. Granting this motion would protect dignity, not disrupt justice.

**LEGAL BASIS**

This motion is grounded in:

- **42 U.S.C. § 1983** – violation of Plaintiff's and Jamila's rights to familial association and due process
- **First Amendment** – right to maintain intimate family relationships
- **Elder Justice Act** and related protections for vulnerable adults, including the right to be free from isolation, coercion, and retaliation
- **New York Mental Hygiene Law, Article 81** – which governs judicial declarations of incapacity; no such declaration exists for Jamila K. Butt
- **Equity and the Court's inherent authority** to prevent irreparable harm and preserve constitutional rights

Jamila K. Butt is not currently under guardianship, nor has she been declared incapacitated under Article 81 of the New York Mental Hygiene Law. However, even if such a declaration were made in the future, federal and state case law affirms that familial visitation—particularly between siblings—remains protected. Incapacity does not justify isolation, and guardianship does not extinguish the right to maintain meaningful family contact.

Federal courts have long recognized the right to intervene where state actors or private parties threaten familial integrity. See:

- **Moore v. Sims**, 442 U.S. 415 (1979)
- **Kowalski v. Tesmer**, 543 U.S. 125 (2004)
- **Mitchum v. Foster**, 407 U.S. 225 (1972)
- **Hazel-Atlas Glass Co. v. Hartford-Empire Co.**, 322 U.S. 238 (1944)
- **Troxel v. Granville**, 530 U.S. 57 (2000)
- **Matter of A.G.**, 6 Misc. 3d 447 (N.Y. Sup. Ct. 2004)
- **Matter of Samuel S.**, 5 Misc. 3d 1021(A) (N.Y. Sup. Ct. 2004)

Plaintiff respectfully asks the Court to act **ex parte**, without delay, to prevent interference with his visitation and communication with Jamila K. Butt.

**Respectfully submitted,** Dated: August 14, 2025

/Sd/

Javaid Aziz

Pro Se Plaintiff and Attorney-in-Fact/next friend for Jamila K. Butt

131 Reed Street Cambridge, MA 02140

Phone: (617) 642-9058

Email: javaid.aziz@gmail.com

# [PROPOSED] ORDER

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK WHITE PLAINS DIVISION**

Case No. 7:25-cv-05789-JGLC

Case Name: Aziz, et al. v. Butt, et al.

**Javaid Aziz, individually and as attorney-in-fact/next friend for Jamila K. Butt,**

**Plaintiffs,**

v.

**Neelofar K. Butt; Neil H. Reig, Esq.; Brightview Senior Living, LLC;**

**Defendants.**

## [PROPOSED] ORDER GRANTING EX PARTE EMERGENCY MOTION FOR PROTECTIVE RELIEF

Upon consideration of Plaintiff's Ex Parte Emergency Motion for Protective Order to Preserve Familial Contact, and for good cause shown, it is hereby:

**ORDERED** that:

1. Defendants and their agents are hereby **enjoined from interfering** with Plaintiff Javaid Aziz's visitation and communication with Jamila K. Butt;
2. This Order shall remain in effect **pending further direction** from the Court.

Jamila K. Butt is not subject to any known guardianship or judicial declaration of incapacity. This Order is issued solely to preserve peaceful contact between Plaintiff and his sister, and shall remain in effect pending further direction from the Court.

**SO ORDERED.**

Dated: _____ New York, New York

**Hon. Jessica G.L. Clarke** United States District Judge
Southern District of New York 300 Quarropas Street White Plains, NY 10601

4

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK WHITE PLAINS DIVISION**

**Case No. 7:25-cv-05789-JGLC**

**Case Name: Aziz, et al. v. Butt, et al.**

**Address List:**
Plaintiffs,
Javaid Aziz, Pro se
131 Reed Street,
Cambridge, MA 02140
Phone: (617) 642-9058
Email:  javaid.aziz@gmail.com
v.
Defendants.
Address List of Defendants:
1. Neelofar K. Butt
319 Martling Avenue,
Tarrytown, NY 10591
Phone: (845) 424-4444 (Work)

2. Neil H. Reig, Esq.
118 North Bedford Rd., Ste 100
Mount Kisco, NY 10549-2555
Phone: (914) 242-4800
Email: neil.reig@elderlawadvisor.net

3. Brightview Senior Living, LLC
Attention: Paul Ataide
Brightview Tarrytown – Senior Living and Memory Care
581 Old White Plains Rd,
Tarrytown, NY 10591
Phone: (914) 368-6228
Email: PATAIDE@bvsl.net