# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK WHITE PLAINS DIVISION

Case No. 7:25-cv-05789-JGLC

JAVAID AZIZ, individually and as Attorney-in-Fact and Next Friend for JAMILA K. BUTT, Plaintiff,

V.

NEELOFAR K. BUTT, NEIL H. REIG, ESQ., BRIGHTVIEW SENIOR LIVING, LLC, Defendants.

## MOTION TO VACATE STATE COURT JUDGMENT AND SANCTIONS

(Constitutional Challenge under 42 U.S.C. § 1983)

Plaintiff Javaid Aziz respectfully moves this Court to declare unconstitutional and vacate the judgment and sanctions entered against him by the Supreme Court of New York, Westchester County (Hon. William J. Giacomo, J.S.C.), dated December 22, 2021, on the grounds that:

1. The state court order relied on a Temporary Order of Protection (TRO) that was never adjudicated and has since been terminated.
2. The order imposed a filing injunction and monetary sanctions without due process or factual findings.
3. The state court failed to apply New York Mental Hygiene Law Article 81, treating a power of attorney as sufficient to isolate a non-incapacitated elder.
4. The judgment violated Plaintiff's rights under the First and Fourteenth Amendments, including the rights to petition, familial association, due process, and protection against retaliation for elder advocacy.

Plaintiff seeks declaratory and injunctive relief to restore his constitutional rights and prevent enforcement of the state court judgment. Plaintiff reserves the right to seek emergency injunctive relief should Defendants attempt to enforce the state court judgment— including garnishment, contempt proceedings, or other retaliatory actions—while this constitutional challenge is pending.

1

# MEMORANDUM OF LAW

## I. INTRODUCTION

This action challenges the constitutionality of a state-court judgment entered against Plaintiff for advocating on behalf of his elderly sister, Jamila K. Butt. In state court, Judge Giacomo sanctioned Plaintiff and enjoined his future filings based on a Family Court TRO that was never litigated and has since expired. No judicial proceeding ever determined Jamila's incapacity under Mental Hygiene Law Article 81. The resulting sanctions and filing injunction violate Plaintiff's fundamental rights and must be vacated.

## II. FACTUAL BACKGROUND

- In early 2021, Plaintiff challenged Neelofar Butt's 16-page power of attorney, citing Jamila's own written directives.
- Hon. Linda S. Jamieson dismissed that petition without applying Mental Hygiene Law Article 81.
- Plaintiff filed a second state action later in 2021 with Jamila's independent counsel, alleging coercion and improper asset transfers.
- Judge Giacomo dismissed the second complaint as duplicative, imposed $21,586.40 in sanctions, and barred future filings.
- His decision rested on a TRO issued in Family Court, which was never adjudicated and later terminated.
- Jamila was never declared incapacitated; under Mental Hygiene Law Article 81.
- Jamila's retained independent counsel filed the Lawsuit to protect Jamila's house from immediate sale.

## III. LEGAL ARGUMENT

### A. Violation of the First Amendment Right to Petition and Familial Association

The filing injunction and sanctions punish Plaintiff for protected petitioning activity on behalf of his sister:

- Boddie v. Connecticut, 401 U.S. 371, 377 (1971) (access to courts is a fundamental right).
- Bill Johnson's Restaurants v. NLRB, 461 U.S. 731, 743–44 (1983) (retaliation against protected litigation violates the First Amendment).
- BE & K Constr. Co. v. NLRB, 536 U.S. 516, 523 (2002) (even unsuccessful litigation is protected speech).

- Troxel v. Granville, 530 U.S. 57, 65 (2000) (parental and familial associations are fundamental liberty interests).
- NAACP v. Button, 371 U.S. 415, 429 (1963) (advocacy on behalf of others is protected petitioning activity).

### B. Violation of Fourteenth Amendment Due Process Rights

Sanctions and filing restrictions were imposed without notice, hearing, or factual findings:

- Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (procedural due process requires meaningful hearing opportunity).
- Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 876 (2009) (due process demands judicial neutrality).
- Santosky v. Kramer, 455 U.S. 745, 754 (1982) (heightened due process in familial contexts).
- Goldberg v. Kelly, 397 U.S. 254, 263–64 (1970) (pre-deprivation hearing required before termination of rights).

### C. Unconstitutional Retaliation Against Protected Advocacy

Punishing Plaintiff for his elder-advocacy constitutes retaliation:

- Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977) (retaliation against protected conduct violates the Constitution).
- Perry v. Sindermann, 408 U.S. 593, 597 (1972) (implied retaliation is actionable).
- Gagliardi v. Vill. of Pawling, 18 F.3d 188, 194 (2d Cir. 1994) (retaliation against citizen advocacy violates First Amendment).
- Zherka v. Amicone, 634 F.3d 642, 647–48 (2d Cir. 2011) (retaliation claims survive judicial immunity defenses).

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

1. Declare the December 22, 2021 state court judgment and sanctions unconstitutional;
2. Enjoin enforcement of the $21,586.40 money judgment;
3. Enjoin enforcement of the filing injunction and contempt threat;
4. Restore Plaintiff's right to petition and advocate for Jamila K. Butt;
5. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Javaid Aziz

Javaid Aziz Pro Se Plaintiff

131 Reed Street Cambridge, MA 02140

Phone: (617) 642-9058

Email: javaid.aziz@gmail.com

Dated: July 16, 2025

# EXHIBIT LIST

**Exhibit A** – Decision and Order of Hon. William J. Giacomo, dated December 22, 2021 (Index No. 64749/2021, NYSCEF Doc No. 88).

**Exhibit B** – Money Judgment Entered Against Plaintiff, dated February 2022 (Index No. 64749/2021, NYSCEF Doc No. 92).

**Exhibit C** – Decision and Order of Hon. Linda S. Jamieson, dated June 21, 2021 (Index No. 54798/2021).

*Exhibits attached in separate PDF bundles.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X
JAVAID AZIZ,

                                          **Plaintiff,**

- against –

NEELOFAR BUTT, JOHN "DOES" AND
"JANE DOES", UNKNOWN FICTITIOUS
PERSONS TO BE IDENTIFIED

                                          **Defendants.**
-----------------------------------------------------------------X

Index No. 64749/2021

**MONEY JUDGMENT**

      The Defendant, NEELOFAR BUTT, having been granted a Judgment against Plaintiff pursuant to a Decision and Order in writing of the Hon. William J. Giacomo, J.S.C. dated December 22, 2021 and entered in the office of the Clerk of the Supreme Court of Westchester County on December 22, 2021 with Notice of Entry under the above Index Number as NYSCEF document number 88 and an identical Decision and Order in writing of the Hon. William J. Giacomo, J.S.C. dated December 22, 2021 and entered in the Office of the Clerk of the Supreme Court of Westchester County on December 22, 2021 with Notice of Entry under the above Index Number as NYSCEF document number 89 each respectively annexed hereto as **Exhibit 1 and Exhibit 2**, granting a judgment in favor of Defendant, NEELOFAR BUTT, and against Plaintiff, JAVAID AZIZ, and entitling judgment in favor of Defendant and against Plaintiff in the sum of Twenty One Thousand Five Hundred Eighty Six Dollars and Forty Cents ($21,586.40); and

**NOW,** on motion of Defendant, NEELOFAR BUTT by her counsel Christopher L. Mangold, of Christopher L. Mangold, PLLC, it is:

**ORDERED, ADJUDGED AND DECREED** that the Defendant, NEELOFAR BUTT residing at 319 Martling Avenue, Tarrytown, New York 10591 in the County of Westchester, recover of the Plaintiff, JAVAID AZIZ, with a last known address at 131 Reed Street, Cambridge, Massachusetts 02140 the sum of Twenty One Thousand Five Hundred Eighty Six Dollars and Forty Cents ($21,586.40), and all subsequently accrued New York State statutory interest as of the date hereof and that the Defendant have immediate execution therefor.

Judgment signed this 18TH day of February, 2022.

_____
CLERK OF THE COURT

# EXHIBIT 1

INDEX NO. 64749/2021
NYSCEF DOC. NO. 92
Case 7:25-cv-05789-JGLC   Document 19   Filed 08/20/25   Page 8 of 19
RECEIVED NYSCEF: 02/18/2022

FILED: WESTCHESTER COUNTY CLERK 12/22/2021 04:40 PM   INDEX NO. 64749/2021
NYSCEF DOC. NO. 88   RECEIVED NYSCEF: 12/22/2021
NYSCEF DOC. NO. 86   INDEX NO. 64749/2021
RECEIVED NYSCEF: 12/22/2021

To commence the statutory time
period for appeals as of right
(CPLR 5513 [a]), you are advised
to serve a copy of this order, with
notice of entry, upon all parties.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF WESTCHESTER**
**PRESENT: HON. WILLIAM J. GIACOMO, J.S.C.**
-------------------------------------------------------------x
JAVAID AZIZ,

                                 Plaintiff,            Index No. 64749/2021

               – against –             Motion Seq. 1 & 2

NEELOFAR BUTT, JOHN "DOES" AND JANE "DOES"   **DECISION & ORDER**
UNKNOWN FICTITIOUS PERSONS YET TO BE
IDENTIFIED,
                               Defendants.
-------------------------------------------------------------x

In an action to declare power of attorney invalid,

(1) the plaintiff moves by order to show cause for an order to determine the validity of the power of attorney and to compel defendant to provide proof of non-party Jameela K. Butt's dementia and/or obtain guardianship from Surrogate's Court; and

(2) defendant Neelofar Butt cross-moves for an order (1) to deny the relief sought by plaintiff by motion and the summons and complaint and dismissing same; (2) awarding costs against plaintiff and plaintiff's counsel pursuant to 22 NYCRR 130-1.1; (3) awarding sanctions against plaintiff and plaintiff's counsel pursuant to 22 NYCRR 130-1.1 and 130-1.2; (4) awarding defendant legal fees and costs in this action; (5) directing plaintiff to terminate and vacate the Notice of Pendency dated October 15, 2021 against the premises at 38 Brookwood Drive, Briarcliff Manor, New York, pursuant to CPLR 6514 and award defendant costs and expenses, including legal fees; (6) permitting defendant to only disclose the estate planning documents of Jamila Butt to the court for in camera review, except those documents disclosed by defendant; (7) granting defendant the right to update her attorney fees and costs upon full submission of the cross motion; and (8) directing plaintiff to seek approval from a judge of the New York State Supreme Court prior to filing any proceeding or action against Neelofar Butt regarding Jamila Butt, any estate planning documents regarding Jamila Butt, and/or any acts of Neelofar Butt under any authority or power regarding Jamila Butt:

**Papers Considered**         NYSCEF DOC. NO. 1-10; 12; 16; 18-53; 65-85

1. Summons/Complaint/Exhibits A-B
2. Order to Show Cause/Emergency Affirmation of Khalid M. Azam, Esq./Affirmation of Khalid M. Azam, Esq./Affidavit of Javaid Aziz/Exhibits A-B/ Certification of Khalid M. Azam, Esq./Affidavit of service
3. Notice of Pendency
4. Answer with counter-claims
5. Notice of Cross-Motion/Affidavit of Neelofar Butt/Affirmation of Christopher L. Mangold, Esq./Affidavit of Neil H. Reig, Esq./Affidavit of Fauzia Butt/Exhibits A-X/Memorandum of Law/Affidavit of service;
6. Cancellation of Notice of Pendency
7. Affidavit of Javaid Aziz/Affirmation of Khalid M. Azam, Esq. in further support and in opposition/Exhibits A-F/Exhibits H-I/Exhibits K-L/Exhibit O/Memorandum of law
8. Verified Reply to counterclaims
9. Letter/correspondence to judge from Christopher L. Mangold, Esq.
10. Letter/correspondence to judge from Khalid M. Azam, Esq.
11. Affidavit of Neelofar Butt/Affirmation of Christopher L. Mangold, Esq. in reply/Exhibits Y-Z

**Factual and Procedural Background**

Plaintiff commenced the instant action by filing a summons and complaint on October 13, 2021 seeking to "uphold the wishes of JAMEELA BUTT, as expressed by her in the writing mailed by her to her brother [plaintiff] JAVAID AZIZ." Specifically, plaintiff is challenging the validity of the power of attorney given to defendant by Jamila Butt, a non-party and the plaintiff's sister and defendant's mother. Plaintiff is also seeking proof that Jamila Butt is suffering with dementia. In support, plaintiff submitted a "Law Will and Testament", dated September 9, 2019, purportedly signed by "Jameela K. Butt" and two witnesses, which states "1. The house at 38 Brookwood Drive, Briarcliff Manor, New York 11510, is owned by me in Trust. It cannot be sold during my lifetime. ..." The document is not notarized and there are no affidavits submitted on behalf of the witnesses to the document. Plaintiff filed a Notice of Pendency on the aforementioned property on October 15, 2021, and filed a notice of cancellation of the notice of pendency on November 2, 2021.

Defendant submitted opposition to plaintiff's motion to dismiss the summons and complaint, and a cross motion. In support, defendant submits her own affidavit, as well as an affidavit of Neil H. Reig, Esq., Jamila Butt's attorney for estate planning including the power of attorney at issue, and an affidavit of Jamila Butt's daughter Fauzia Butt, M.D. Defendant argues that plaintiff fails to state a viable cause of action and basis for relief. Defendant also brings to light a prior special proceeding commenced by plaintiff captioned *Javaid Aziz v. Neelofar Butt*, Index No. 54798/2021, which also challenged the power of attorney executed by Jamila Butt as well as her dementia diagnosis. Defendant argues

INDEX NO. 64749/2021
NYSCEF DOC. NO. 92 Case 7:25-cv-05789-JGLC   Document 19   Filed 08/20/25   Page 10 of 19
RECEIVED NYSCEF: 02/18/2022

FILED: WESTCHESTER COUNTY CLERK 12/22/2021 04:40 PM    INDEX NO. 64749/2021
NYSCEF DOC. NO. 88                                     RECEIVED NYSCEF: 12/22/2021
NYSCEF DOC. NO. 86                                     RECEIVED NYSCEF: 12/22/2021

that the plaintiff's claims are barred by res judicata and/or collateral estoppel. Defendant argues that plaintiff's papers are sanctionable as they contain lies, distortions of the truth, are deceptive, have no merit in law, and were undertaken to harass the defendant.

*Prior Civil Action*

Plaintiff commenced a prior action against the defendant with the filing of a petition in Supreme Court, Westchester County on June 16, 2021 under Index Number 54798/2021. The petition alleged that defendant in this action held a fraudulent power of attorney, procured through duress, fraud and/or undue influence of Jamila Butt, and that Jamila Butt is not incapacitated, but that the defendant in this action has put her in a nursing home on the allegation that she has dementia and has been slowly transferring her assets through fraudulent actions and signatures under the cloak of the power of attorney, which is not valid. Plaintiff in this action filed an order to show cause seeking an order directing defendant to provide an accounting of all assets still in the name of Jamila Butt, directing defendant to cease and desist all further transfers, establishing a turnover proceeding, granting a judgment in the amount of monies equal to what had been fraudulently taken by defendant by virtue of the invalid power of attorney, and awarding plaintiff reasonable attorneys' fees.

Defendant cross moved for an order denying the relief sought by plaintiff in his petition and order to show cause and dismissing same; awarding costs against petitioner and petitioner's counsel to respondent pursuant to 22 NYCRR 130-1.1; and awarding sanctions against petitioner and petitioner's counsel pursuant to NYCRR 130-1.1 and 130-1.2.

In a Decision and Order of the Hon. Linda S. Jamieson, dated June 21, 2021, plaintiff's motion was denied and his petition was dismissed in its entirety. Judge Jamieson held that the plaintiff in this action was a legal bystander and had no standing to bring the petition pursuant to General Obligations Law §§ 15-1510 and 15-1505 which do not include siblings (who are not also guardians, agents, personal representatives, etc.) on the list of those who may challenge a power of attorney. Judge Jamieson did not directly opine on the allegation that Jamila Butt does not have diminished capacity due to dementia, but found that Jamila's affairs did not concern the plaintiff herein, and further that the plaintiff's "wild accusations" were without basis as he submitted to the Court "not one iota of evidence to support any of [his] allegations."

*Pending Family Court Action*

The instant defendant filed a family offense petition on February 25, 2020 in Family Court, Westchester County against the plaintiff in this action to protect herself and Jamila. A temporary order of protection was issued on February 25, 2020 by the Hon. Wayne A. Humphrey which orders that the plaintiff stay away from Jamila Butt, the home of Jamila Butt, all of Jamila Butt's upcoming doctor appointments and refrain from communicating with all treatment providers, and stay away from all treatment facilities including hospital and rehabilitation centers. As of the submission date of this motion November 30, 2021,

INDEX NO. 64749/2021
NYSCEF DOC. NO. 92  Case 7:25-cv-05789-JGLC   Document 19   Filed 08/20/25   Page 11 of 19  RECEIVED NYSCEF: 02/18/2022

FILED: WESTCHESTER COUNTY CLERK 12/22/2021 04:40 PM   INDEX NO. 64749/2021
NYSCEF DOC. NO. 88                                    RECEIVED NYSCEF: 12/22/2021
NYSCEF DOC. NO. 86                                    RECEIVED NYSCEF: 12/22/2021

the temporary order of protection was extended through the scheduled hearing date of December 2, 2021.

## Discussion

"Under the doctrine of res judicata, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter. The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation" (*Matter of Singer v Windfield*, 125 A.D.3d 666, 667 [2d Dept 2015]). Under New York's transactional approach to res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy (*id.*, 667-668; *see also O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]).

The instant action involves the same parties, and, in substance, the same claims as the prior action, namely the same power of attorney which appoints defendant to act on behalf of Jamila Butt and the same allegations regarding Jamila Butt's dementia or lack thereof. Plaintiff tries to make a distinction between the two proceedings arguing that, in this proceeding plaintiff is questioning whether the power of attorney was explained to Jamila Butt in her native language and whether she understood the contents, extent and implications of the documents, whereas in the prior action, plaintiff questioned whether the power of attorney was properly executed on its face. However, any distinction is of no import as the doctrine of res judicata also bars claims that "could have been raised in the prior litigation." (*Matter of Singer v Windfield*, 125 A.D.3d 666, 667 [2d Dept 2015]). Also in this action, as in the prior action, plaintiff is seeking to compel documents to confirm that Jamila Butt has dementia, as he does not believe she has diminished capacity. As such, plaintiffs' claims in the instant action are those that were and/or could have been raised in the prior proceeding which resulted in the Decision and Order of Judge Jamieson, dated June 21, 2021, on the merits and are barred by the doctrine of res judicata.

22 NYCRR 130.1.1 provides:

(a) The court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court, except where prohibited by law, costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct as defined in this Part. ...

(b) The court, as appropriate, may make such award of costs or impose such financial sanctions against either an attorney or a party to the litigation or against both. ...

(c) For purposes of this Part, conduct is frivolous if:

INDEX NO. 64749/2021
NYSCEF DOC. NO. 92
Case 7:25-cv-05789-JGLC   Document 19   Filed 08/20/25   Page 12 of 19
RECEIVED NYSCEF: 02/18/2022

FILED: WESTCHESTER COUNTY CLERK 12/22/2021 04:40 PM                INDEX NO. 64749/2021
NYSCEF DOC. NO. 88                                                 RECEIVED NYSCEF: 12/22/2021
NYSCEF DOC. NO. 86                                                 RECEIVED NYSCEF: 12/22/2021

(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;

(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or

(3) it asserts material factual statements that are false.

Frivolous conduct shall include the making of a frivolous motion for costs or sanctions under this section. In determining whether the conduct undertaken was frivolous, the court shall consider, among other issues the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, or should have been apparent, or was brought to the attention of counsel or the party.

(22 NYCRR § 130-1.1).

Both plaintiff and plaintiff's attorney engaged in frivolous conduct in commencing and continuing this action. (see 22 NYCRR 130.1.1; *Miller v Falco*, 170 AD3d 707 [2d Dept 2019]).

Plaintiff commenced this action against defendant which involves the same claims as the prior special proceeding brought by plaintiff against the same plaintiff defendant under Index Number 54798/2021. After a full and fair opportunity to be heard upon a fully submitted motion, Judge Jamieson dismissed the proceeding, as fully discussed above, by Decision and Order dated June 21, 2021.

Plaintiff Javaid Aziz, in his Affidavit, dated October 12, 2021, in support of his order to show cause, swore, under penalty of perjury, that "no previous request has been made or is pending in any other court for the reliefs requested herein, that is to determine the validity of the Power of Attorney ..." (NY St Cts Elec Filing [NYSCEF] Doc No. 8, Aziz aff ¶ 12). This is a material factual statement that is false pursuant to 22 NYCRR § 130-1.1(c)(3).

Plaintiff's counsel, Mr. Azam, also affirmed under penalty of perjury, in his Affirmation dated October 12, 2021, that "no previous request has been made or is pending in any other court for the reliefs requested herein ..." (NYSCEF Doc No. 7 affirmation of plaintiff's counsel Azam ¶ 11). It is unclear whether Mr. Azam was aware of the prior lawsuit at the time he filed the affirmation. However, plaintiff's application by order to show cause for a temporary restraining order was heard by this Court on October 19, 2021 with appearances by attorneys for both parties, Mr. Azam and Mr. Mangold. At the hearing on October 19, 2021, defendant's counsel advised the court and plaintiff's counsel that a prior action had been commenced by plaintiff which was dismissed. Accordingly, at least as of October 19, 2021, plaintiff's counsel has been aware of the

5

INDEX NO. 64749/2021
NYSCEF DOC. NO. 92
RECEIVED NYSCEF: 02/18/2022

FILED: WESTCHESTER COUNTY CLERK 12/22/2021 04:40 PM
INDEX NO. 64749/2021
NYSCEF DOC. NO. 88
RECEIVED NYSCEF: 12/22/2021
NYSCEF DOC. NO. 86
RECEIVED NYSCEF: 12/22/2021

prior special proceeding and he should have then done due diligence in investigating the legal and factual basis, or lack thereof, of the prior proceeding including the claims and outcome. Instead, he continued with the instant action which is completely without merit in law, and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law pursuant to 22 NYCRR § 130-1.1(c)(1). Further, Mr. Azam certified on November 29, 2021, that the papers were not frivolous (NYSCEF Doc No. 66). This is a material factual statement that is false pursuant to 22 NYCRR § 130-1.1(c)(3).

Based on the history between the parties, including the temporary order of protection against the instant plaintiff and the plaintiff's prior special proceeding, the plaintiff's conduct in commencing this action and continuing to advance his claims appears to be intended primarily to harass the defendant and/or Jamila Butt (see *Mascia v Maresco*, 39 AD3d 504, 506 [2d Dept 2017]).

Under the circumstances of this case, the frivolous conduct of the plaintiff, as outlined above, has forced unnecessary litigation and is grounds for sanctions under 22 NYCRR 130-1.1. The defendant is awarded costs and reasonable attorneys' fees as a sanction pursuant to 22 NYCRR 103-1.1. Defendant's counsel submitted retainer agreement and billing statements for legal services provided for the current action and affirms to the legal services provided, which have totaled $21,586.40. At this time, the Court declines to impose further sanctions on plaintiff or plaintiff's counsel.

While the conduct of the plaintiff's attorney is sanctionable, he is given the benefit of the doubt that he only became aware of the previous special proceeding while this action was pending. Plaintiff's attorney is cautioned to exercise due diligence going forward as he would be individually sanctioned if this Court was convinced he was aware of the previous special proceeding prior to commencing the instant action.

While public policy generally mandates free access to the courts, a party may forfeit that right if he or she abuses the judicial process by engaging in meritless litigation motivated by spite or ill will (*Vogelsgesang v Vogelgesang*, 71 AD3d 1132, 1134 [2d Dept 2010]). Where there has been an abuse of judicial process, the court may enjoin a litigant from further actions or motion practice without prior written approval of the court (*DiSilvio v Romanelli*, 150 AD3d 1078, 1080 [2d Dept 2017]). Under the circumstances, there is a basis to prevent the plaintiff from engaging in further vexatious litigation against the defendant and/or Jamila Butt without prior written approval of the court.

The parties' remaining contentions have been considered by the Court and are found to be either moot or without merit.

Accordingly, it is hereby

ORDERED that plaintiff's motion is DENIED with prejudice; and it is further

ORDERED that the defendant's cross-motion to dismiss the complaint is GRANTED and the complaint is dismissed with prejudice; and it is further

INDEX NO. 64749/2021
NYSCEF DOC. NO. 92
RECEIVED NYSCEF: 02/18/2022

FILED: WESTCHESTER COUNTY CLERK 12/22/2021 04:40 PM
NYSCEF DOC. NO. 88
INDEX NO. 64749/2021
RECEIVED NYSCEF: 12/22/2021

NYSCEF DOC. NO. 86
INDEX NO. 64749/2021
RECEIVED NYSCEF: 12/22/2021

**ORDERED** that the defendant shall submit a judgment to the Westchester County Clerk in her favor and against plaintiff JAVAID AZIZ in the principal amount of $21,586.40; and it is further

**ORDERED** that plaintiff JAVAID AZIZ is enjoined from commencing future actions in the New York State Unified Court System against NEELOFAR BUTT and/or Jamila Butt without prior approval of the appropriate Administrative Justice or Judge; and it is further

**ORDERED** that any violation of the above injunction by JAVAID AZIZ will subject JAVAID AZIZ to costs, sanctions and contempt proceedings.

This constitutes the decision and order of the Court.

**Dated:** White Plains, New York
December 22, 2021

HON. WILLIAM J. GIACOMO, J.S.C.

To commence the statutory time period for appeals as of right (CPLR § 5513 [a]), you are advised to serve a copy of this order, with notice of entry, upon all parties.

Disp __x___    Dec _____    Seq. Nos.__1-2___    Type __ misc.__

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

**PRESENT: HON. LINDA S. JAMIESON**
----------------------------------------X
JAVAID AZIZ,                                                Index No. 54798/2021

                    Petitioner,
                                              DECISION AND ORDER
        -against-

NEELOFAR BUTT,

                    Respondent.
----------------------------------------X

      The following papers numbered 1 to 5 were read on these motions:

| Paper | Number |
|---|---|
| Order to Show Cause, Petition and Exhibit | 1 |
| Notice of Cross-Motion, Affidavits, Affirmation and Exhibits | 2 |
| Memorandum of Law | 3 |
| Memorandum of Law in Opposition and in Reply | 4 |
| Reply Affirmation | 5 |

      There are two motions before the Court in this special proceeding involving family members. The first motion, filed by petitioner, seeks (1) to vacate a power of attorney given by petitioner's sister, non-party Jamila Butt ("Jamila"), to her daughter, respondent; (2) an accounting of all assets still in Jamila's name, along with all those that have been sold, gifted,

or otherwise transferred; (3) an order directing respondent to cease and desist all further transfers, including the sale of any real estate; (4) a turnover proceeding; (5) a judgment in the amount of monies equal to what has been fraudulently taken by respondent by virtue of the allegedly invalid power of attorney; and (6) reasonable attorneys' fees. The second motion is filed by respondent, one of Jamila's daughters. It seeks to dismiss her uncle's petition (which is not a proper request in a cross-motion), costs and sanctions for frivolous litigation.

Petitioner contends that his niece obtained her mother's power of attorney "through duress, fraud, and/or undue influence." He also does not believe that Jamila is incapacitated, but that respondent has "stuck her in a nursing home on the allegation that she has dementia and has been slowly transferring her assets through fraudulent actions and signatures under the cloak of the above referenced power of attorney, which again, is not valid." Petitioner "also raises the question of capacity of Jamilla [sic] Butt to even sign the power of attorney. Again, Petitioner does not believe the dementia diagnosis is correct and believes it was manufactured by Respondent, however, Respondent had Jamilla [sic] Butt medicated on several medications and so either way, capacity remains an open issue."

Petitioner submits to the Court not one iota of evidence to support any of these allegations. Instead, the Court has the affidavit of the lawyer who prepared the power of attorney, health care proxy and other related documents in 2017, stating that at the time that he prepared the documents, Jamila was lucid and capable of directing him to prepare, and executing, the documents; a letter on letterhead (but not notarized) dated February 2020 purportedly from Jamila's doctor stating that she has diminished capacity and needs to be in an assisted living facility; an affidavit from respondent's sister[1] corroborating respondent's statements in her affidavit about her mother's diminished capacity at the present (but not in 2017); an Order of Protection, extended multiple times through June 7, 2021, requiring petitioner to stay away from Jamila, her residence, her medical providers and barring all communication with Jamila; and, significantly, an "Incident/Investigation Report" from the Town of Greenburgh Police Department. This document shows that upon petitioner's request, the Police Department went to Jamila's residential facility to check on her. The officer observed that Jamila was incoherent, but appeared to be in good physical health. The officer also confirmed that there was an active Order of Protection against petitioner, and warned him not to

---

[1] The Court notes that both respondent and her sister are medical doctors.

contact Jamila, or anyone about her. All of this evidence undermines each of petitioner's allegations about Jamila's medical and legal affairs.

Respondent states that petitioner has no standing to bring this petition, because General Obligations Law §§ 15-1510 and 15-1505 do not include siblings (who are not also guardians, agents, personal representatives, etc.) on the list of those who may challenge a power of attorney. In response, petitioner states that he has standing as a "third party who may be required to accept a power of attorney." The Court disagrees. Petitioner is a legal bystander, despite the family relationship; he need not "accept" a power of attorney since Jamila's affairs do not concern him. Even if he had standing, however, petitioner has no basis for any of his wild accusations. Indeed, the fact that there is an active Order of Protection against him protecting Jamila from him speaks volumes.

There is simply no basis for the petition. It is dismissed in its entirety. Petitioner's motion is denied. The Court declines to award counsel fees and sanctions at this juncture. Should petitioner file another action involving Jamila, the Court may well not come to the same conclusion.

The foregoing constitutes the decision and order of the Court.

Dated:    White Plains, New York
          June 17, 2021

                                              *signature*
                                              HON. LINDA S. JAMIESON
                                              Justice of the Supreme Court

To:   The Law Offices of Joseph S. Gulino, Jr., Esq., PLLC
       Attorneys for Petitioner
       75 South Broadway, 4th Floor
       White Plains, New York 10601

       Christopher L. Mangold, PLLC
       Attorneys for the Respondent
       200 East Post Road
       White Plains, New York 10601