UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAVAID AZIZ, individually and as attorney-in-fact for JAMILA K. BUTT,<br><br>          Plaintiff,<br><br>    -against-<br><br>NEELOFAR K. BUTT, et al.,<br><br>          Defendants. | 25-CV-5789 (JGLC)<br><br>**ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

  Plaintiff Javaid Aziz, who is proceeding *pro se*, originally filed this action on behalf of himself and as attorney-in-fact for Jamila K. Butt on July 12, 2025, alleging civil rights violations pursuant to 42 U.S.C. § 1983 ("Section 1983") in addition to various state and common law claims. ECF No. 1 ("Complaint" or "Compl."). That same day, Plaintiff filed a motion for a preliminary injunction and for an *ex parte* temporary restraining order (ECF Nos. 6, 7). The Court denied these motions by an order dated August 5, 2025. ECF No. 15. Plaintiff subsequently filed another *ex parte* application for a TRO, which the Court also denied for similar reasons. ECF Nos. 17, 18. Plaintiff has now filed a motion to vacate various state court judgments which he referenced in prior filings. ECF No. 19.

  First, Plaintiff's application is DENIED. Plaintiff unambiguously asks this Court to vacate a state court judgment, but the Court's ability to invalidate, or review, state court judgments is barred by the *Rooker-Feldman* doctrine. *See Thomas v. Martin-Gibbons*, 857 F. App'x 36, 39–40 (2d Cir. 2021) (stating that "[t]he *Rooker-Feldman* doctrine prevents courts from reviewing 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced'" and affirming dismissal of claims on that basis) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280,

283–84 (2005)). Because Plaintiff lost in state court, commenced this action thereafter, alleges injuries caused by the state court judgments, and asks this Court to reject the state court's ruling, all the requirements for *Rooker-Feldman* are met. *Id.* (citing *Holbock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)). Moreover, as the Court previously explained in denying Plaintiff's initial application for preliminary injunctive relief (ECF No. 15 at 4–5), the domestic relations abstention doctrine would also apply. *Id.*

Second, the Court notes that Plaintiff has yet to serve the summons and complaint on any of the Defendants, but has filed **four** nearly identical preliminary applications for relief. Plaintiff is hereby warned that, should he continue filing substantively similar motions, the Court may institute a pre-motion letter requirement. Subsequent non-confirming motions would therefore be denied outright.

Dated: August 27, 2025
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

2